HUNTER v. HUNTER et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

PARTNERSHIP—JUDGMENT—RELEASE AS TO INDIVIDUAL PARTNER—RECEIVER.
  Where a judgment against a firm and its individual members was released as to one member, the judgment creditor had thereafter no right to have a receiver of the partnership property appointed in supplementary proceedings.

Appeal from special term, New York county.

Application by James Kilduff, as assignee of a judgment recovered by Annie M. Hunter against the firm of Hunter, Cooper & Co., for the appointment of a receiver. From an order denying the application, the applicant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob Halstead, for appellant.
E. Ellery Anderson, for respondents.

PATTERSON, J. This appeal is from an order denying a motion to appoint a receiver in supplementary proceedings of the property of the firm of Hunter, Cooper & Co. The application was made by James Kilduff, the assignee of a judgment recovered by the plaintiff against Arthur M. Hunter, Frank M. Hunter, and Lehman A. Cooper, who were the members of the firm above named, and who were the original judgment debtors. The judgment was recovered on the 2d of April, 1901. It was assigned to Kilduff on the 7th of May, 1901. In the meantime, and on the 2d of April, 1901, the plaintiff, Annie M. Hunter, executed and delivered to Arthur M. Hunter, one of the judgment debtors, a release under the provisions

of section 1942 of the Code of Civil Procedure. By that instrument, which recited that an indebtedness existed, and that she had recovered thereon a judgment against the firm of Hunter, Cooper & Co. and its individual members, and that that firm had been dissolved, and that she had agreed to compound or compromise her claim against Arthur M. Hunter, the plaintiff released, acquitted, and forever discharged the said Arthur M. Hunter of and from all liability, claim, and demand whatsoever for or in respect of the said indebtedness incurred by reason of his connection with the partnership, provided, however, that the release should have no greater or other effect than is provided for by statute. The assignment of the judgment made by the plaintiff to Kilduff is, by its terms, expressly made subject to the release given by the plaintiff to Arthur M. Hunter. The court below denied the motion for the appointment of a receiver on the ground that, the plaintiff having released and surrendered all claim to the enforcement of the judgment against Arthur M. Hunter, that release applied to his interest in the firm assets of Hunter, Cooper & Co. as well as to his individual property, and we are of the opinion that that view of the effect of the release is the correct one. The transaction out of which the indebtedness arose was that of a copartnership. Before the statute of 1838, a release of one of the joint debtors would have discharged the others. The purpose of that act and of section 1942 of the Code of Civil Procedure was to preserve, after the dissolution of a copartnership, the liability of all its members except the one with whom the creditor might make a compromise or composition of the indebtedness and release from it. Such a release must necessarily operate to prevent enforcement of a claim against any property belonging to the released debtor, whether he owns it in severalty or jointly with others. The foundation of the right to apply any property in which he is interested to the payment of indebtedness, as in this case, of a judgment, is taken away. Supplementary proceedings are allowed only against judgment debtors. Arthur M. Hunter ceased to be a judgment debtor. By express provision of the Code of Civil Procedure, as to him the judgment was satisfied. The remaining members of the firm were alone the judgment debtors. A receiver of their property might well have been appointed upon Kilduff's application, but Arthur M. Hunter's interest in the assets of the firm could not be resorted to to pay the balance due upon the judgment assigned to Kilduff, and therefore could not be sequestered, nor taken away from him by process. The object of the appointment of a receiver in supplementary proceedings is to reach the property of judgment debtors, so that it may be applied to the payment of the judgment. Sections 2449, 2450, Code Civ. Proc. There was no judgment existing as to Arthur M. Hunter, and there is no authority in the law to devest him of his property with the ultimate object of applying it to the payment of an indebtedness which he does not owe, but which exists only against third parties. It is true that upon the dissolution of a copartnership the interest of the copartners is in the surplus remaining after the payment of creditors, but that does not affect the

present proposition. Arthur M. Hunter has the right to see to the application of the copartnership assets to the payment of copartnership debts. What is due Kilduff on the judgment is not a debt of all the individual members of the copartnership. He took his assignment of the judgment with full knowledge that it was not, and subject to the release given to Arthur M. Hunter. He acquired a judgment against only two of the copartners.

The motion was properly disposed of in the court below, and the order should be affirmed, with $10 costs and disbursements. All concur.